**INTERNATIONAL FILTER CO. v. CONROE GIN, ICE & LIGHT CO.** (No. 762–4361.)

(Commission of Appeals of Texas, Section A. Dec. 10, 1925.)

1. **Sales** 🔑23(3)—**O. K. of seller's executive officer indorsed on buyer's offer held acceptance thereof.**

"O. K." indorsed by seller's executive officer on buyer's offer *held* acceptance of offer.

2. **Contracts** 🔑22(3)—**Offerer dispenses with notification of acceptance of offer if its form shows that notice was not to be required.**

Existence of contractual capacity imports right of offerer to dispense with notification of acceptance of offer, and he does dispense with it if form of offer shows that notice was not to be required.

3. **Sales** 🔑23(3)—**Seller not required to notify buyer of approval of offer before contract complete.**

Where buyer's offer provided that it should become a contract when approved by an executive officer of seller, and that offer was submitted for prompt acceptance and unless so accepted was subject to change without notice, *held*, that notice of approval was not required to be made to buyer before contract was complete.

4. **Sales** 🔑23(3)—**Seller's acknowledgment of receipt of order held sufficient notice of approval of buyer's offer.**

Seller's acknowledgment of receipt of order for water softener, thanking buyer therefor and asking for sample of water for analysis, *held* sufficient notice of approval of buyer's offer.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Action by the International Filter Company against the Conroe Gin, Ice & Light Company. Judgment for defendant was affirmed in 269 S. W. 210, and plaintiff brings error. Reversed and remanded.

Cole, Cole & O'Connor and Robt. L. Cole, all of Houston, for plaintiff in error.

Foster & Williams, of Conroe, for defendant in error.

### State of the Case.

NICKELS, J. Plaintiff in error, an Illinois corporation, is a manufacturer of machinery, apparatus, etc., for the purification of water in connection with the manufacture of ice, etc., having its principal office in the city of Chicago. Defendant in error is a Texas corporation engaged in the manufacture of ice, etc., having its plant, office, etc., at Conroe, Montgomery county, Tex.

On February 10, 1920, through its traveling solicitor, Waterman, plaintiff in error, at Conroe, submitted to defendant in error, acting through Henry Thompson, its manager, a written instrument, addressed to defendant in error, which (with immaterial portions omitted) reads as follows:

"Gentlemen: We propose to furnish, f. o. b. Chicago, one No. two Junior (steel tank) International water softener and filter to purify water of the character shown by sample to be submitted. * * * Price: Twelve hundred thirty ($1,230.00) dollars. * * * This proposal is made in duplicate and becomes a contract when accepted by the purchaser and approved by an executive officer of the International Filter Company, at its office in Chicago. Any modification can only be made by duly approved supplementary agreement signed by both parties.

"This proposal is submitted for prompt acceptance, and unless so accepted is subject to change without notice.

"Respectfully submitted,

"International Filter Co.
"W. W. Waterman."

On the same day the "proposal" was accepted by defendant in error through notation made on the paper by Thompson reading as follows:

"Accepted Feb. 10, 1920.
"Conroe Gin, Ice & Light Co.,
"By Henry Thompson, Mgr."

The paper as thus submitted and "accepted" contained the notation, "Make shipment by Mar. 10." The paper, in that form, reached the Chicago office of plaintiff in error, and on February 13, 1920, P. N. Engel, its president and vice president, indorsed there-

on: "O. K. Feb. 13, 1920, P. N. Engel." February 14, 1920, plaintiff in error wrote and mailed, and in due course defendant in error received, the following letter:

"Feb. 14, 1920.

"Attention of Mr. Henry Thompson, Manager.

"Conroe Gin, Ice & Light Co., Conroe, Texas—Gentlemen: This will acknowledge and thank you for your order given Mr. Waterman for a No. 2 Jr. steel tank International softener and filter, for 110 volt, 60 cycle, single phase current—for shipment March 10th.

"Please make shipment of the sample of water promptly so that we may make the analysis and know the character of the water before shipment of the apparatus. Shipping tag is inclosed, and please note the instructions to pack to guard against freezing.

"Yours very truly,
"International Filter Co.,
"M. B. Johnson."

By letter of February 28, 1920, defendant in error undertook to countermand the "order," which countermand was repeated and emphasized by letter of March 4, 1920. By letter of March 2, 1920 (replying to the letter of February 28th), plaintiff in error denied the right of countermand, etc., and insisted upon performance of the "contract." The parties adhered to the respective positions thus indicated, and this suit resulted.

Plaintiff in error sued for breach of the contract alleged to have been made in the manner stated above. The defense is that no contract was made because: (1) Neither Engel's indorsement of "O. K.," nor the letter of February 14, 1920, amounted to approval "by an executive officer of the International Filter Company, at its office in Chicago." (2) Notification of such approval, or acceptance, by plaintiff in error was required to be communicated to defendant in error; it being insisted that this requirement inhered in the terms of the proposal and in the nature of the transaction and, also, that Thompson, when he indorsed "acceptance" on the paper stated to Waterman, as agent of plaintiff in error, that such notification must be promptly given; it being insisted further that the letter of February 14, 1920, did not constitute such acceptance or notification of approval, and therefore defendant in error, on February 28, 1920, etc., had the right to withdraw, or countermand, the unaccepted offer. Thompson testified in a manner to support the allegation of his statement to Waterman. There are other matters involved in the suit which must be ultimately determined, but the foregoing presents the issues now here for consideration.

The case was tried without a jury, and the judge found the facts in favor of defendant in error on all the issues indicated above, and upon other material issues. The judgment was affirmed by the Court of Civil Appeals, 269 S. W. 210.

Opinion.

[1] We agree with the honorable Court of Civil Appeals upon the proposition that Mr. Engel's indorsement of "O. K." amounted to an approval "by an executive officer of the International Filter Company, at its office in Chicago," within the meaning of the so-called "proposal" of February 10th. The paper then became a "contract," according to its definitely expressed terms, and it became then, and thereafter it remained, an enforceable contract, in legal contemplation, unless the fact of approval by the filter company was required to be communicated to the other party and unless, in that event, the communication was not made.

[2] We are not prepared to assent to the ruling that such communication was essential. There is no disposition to question the justice of the general rules stated in support of that holding, yet the existence of contractual capacity imports the right of the offerer to dispense with notification; and he does dispense with it "if the form of the offer," etc., "shows that this was not to be required." 9 Cyc. 270, 271; Carlill v. Carbolic Smoke Ball Co., 1 Q. B. 256 (and other references in note 6, 9 Cyc. 271). The case just cited, it seems to us, correctly states the rule:

"As notification of acceptance is required for the benefit of the person who makes the offer, the person who makes the offer may dispense with notice to himself if he thinks it desirable to do so, and I suppose there can be no doubt that where a person in an offer made by him to another person, expressly or impliedly intimates a particular mode of acceptance as sufficient to make the bargain binding, it is only necessary for the other person to whom such offer is made to follow the indicated method of acceptance; and if the person making the offer, expressly or impliedly intimates in his offer that it will be sufficient to act on the proposal without communicating acceptance of it to himself, performance of the condition is a sufficient acceptance without notification."

See, also, Fort v. Barnett, 23 Tex. 460, 464. The Conroe Gin, Ice & Light Company executed the paper for the purpose of having it transmitted, as its offer, to the filter company at Chicago. It was so transmitted and acted upon. Its terms embrace the offer, and nothing else, and by its terms the question of notification must be judged, since those terms are not ambiguous.

The paper contains two provisions which relate to acceptance by the filter company. One is the declaration that the offer shall "become a contract * * * when approved by an executive officer of the International Filter Company, at its Chicago office." The other is thus stated: "This proposal is submitted for prompt acceptance, and unless so accepted is subject to change without notice." The first provision states "a particular mode of acceptance as suffi-

cient to make the bargain binding," and the filter company (as stated above) followed "the indicated method of acceptance." When this was done, so the paper declares, the proposal "became a contract." The other provision does not in any way relate to a different method of acceptance by the filter company. Its sole reference is to the time within which the act of approval must be done; that is to say, there was to be a "prompt acceptance," else the offer might be changed "without notice." The second declaration merely required the approval thereinbefore stipulated for to be done promptly; if the act was so done, there is nothing in the second provision to militate against, or to conflict with, the prior declaration that, thereupon, the paper should become "a contract."

[3] A holding that notification of that approval is to be deduced from the terms of the last-quoted clause is not essential in order to give it meaning or to dissolve ambiguity. On the contrary, such a construction of the two provisions would introduce a conflict, or ambiguity, where none exists in the language itself, and defeat the plainly expressed term wherein it is said that the proposal "becomes a contract * * * when approved by an executive officer." There is not anything in the language used to justify a ruling that this declaration must be wrenched from its obvious meaning and given one which would change both the locus and time prescribed for the meeting of the minds. The offerer said that the contract should be complete if approval be promptly given by the executive officer at Chicago; the court cannot properly restate the offer so as to make the offerer declare that a contract shall be made only when the approval shall have been promptly given at Chicago and that fact shall have been communicated to the offerer at Conroe. In our opinion, therefore, notice of the approval was not required.

[4] The letter of February 14th, however, sufficiently communicated notice, if it was required. The following authorities have been cited to the contrary: Krohn-Fechheimer v. Palmer, 282 Mo. 82, 221 S. W. 353, 10 A. L. R. 683; Courtney Shoe Co. v. Curd & Son, 142 Ky. 219, 134 S. W. 146, 38 L. R. A. (N. S.) 903; Manier v. Appling, 112 Ala. 663, 20 So. 978; Stockton v. Ins. Co., 33 La. Ann. 577, 39 Am. Rep. 277; Harvey v. Duffey, 99 Cal. 401, 33 P. 897; Cheboygan Paper Co. v. Swigart Paper Co., 140 Ill. App. 314; 23 R. C. L. p. 1289. In support of the sufficiency of the letter the following cases have been cited: Bauman v. McManus, 75 Kan. 106, 89

P. 15, 10 L. R. A. (N. S.) 1138; Jordan v. Patterson, 67 Conn. 473, 35 A. 521; Pitcher v. Lowe, 95 Ga. 423, 22 S. E. 678; Stuart v. Home Telephone Co., 161 Mich. 123, 125 N. W. 720; Parlin & Co. v. Boatman, 84 Mo. App. 67; Crane v. Barron, 115 App. Div. 196, 100 N. Y. S. 937; Littlejohn & Bull v. Deutsch, 182 App. Div. 759, 169 N. Y. S. 720. However, none of these authorities are exactly in point here. They involved the question of what was sufficient to evidence an acceptance of an offer, and not the question of the form of notice of acceptance. Here the fact of acceptance in the particular method prescribed by the offerer is established aliunde the letter—Engel's "O. K." indorsed on the paper at Chicago did that. The form of notice, where notice is required, may be quite a different thing from the acceptance itself; the latter constitutes the meeting of the minds, the former merely relates to that pre-existent fact. The rules requiring such notice, it will be marked, do not make necessary any particular form or manner, unless the parties themselves have so prescribed. Whatever would convey, by word or fair implication, notice of the fact would be sufficient. And this letter, we think, would clearly indicate to a reasonably prudent person, situated as was the defendant in error, the fact of previous approval by the filter company. If the Gin, Ice & Light Company had acted to change its position upon it as a notification of that fact, it must be plain that the filter company would have been estopped to deny its sufficiency.

There are other questions in the case which must be determined on the appeal. Those questions were pretermitted by the honorable Court of Civil Appeals because of its holdings that communication of notice of the filter's company's approval was necessary, that such notice was not given—the letter of February 14th being thought insufficient for that purpose—and that defendant in error, therefore, had the right to countermand the proposal as it did (rather, attempted to do) on February 28th.

We recommend that the judgment of the Court of Civil Appeals be reversed, and that the cause be remanded to that court for its disposition of all questions not passed upon by it heretofore and properly before it for determination.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and cause remanded to the Court of Civil Appeals for further consideration by that court, as recommended by the Commission of Appeals.