ANDERS v. JOHNSON. (No. 857–4591.)

(Commission of Appeals of Texas, Section A. Nov. 24, 1926.)

1. Limitation of actions ⬅️46(6)—Limitation against recovery of consideration for unenforceable contract is not determinable as of date of answer in suit on contract evidencing intention of repudiation.

Limitation against action for recovery of value of consideration paid for contract which was unenforceable under statute of frauds is not determinable as of date of answer in suit on contract evidencing intention to repudiate contract, since suit for damages for breach of contract was not necessary prerequisite to suit for value of consideration.

2. Limitation of actions ⬅️123—Alternative plea, in petition in suit for recovery of consideration paid on unenforceable contract, held to arrest running of limitation.

Petition, in suit on contract which was unenforceable under statute of frauds, stating that in the alternative plaintiff was entitled to recover consideration paid for contract, held to arrest statute of limitations relative to claim for recovery of consideration.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Action by J. W. Johnson against C. L. Anders. Judgment for plaintiff was affirmed by the Court of Civil Appeals (284 S. W. 1057), and defendant brings error. Affirmed.

Neyland & Neyland, of Greenville, and Chas. L. Black, of Austin, for plaintiff in error.

C. A. Sweeton, of Houston, and Clark & Clark, of Greenville, for defendant in error.

BISHOP, J. A statement of all the facts and pleadings necessary to the questions herein discussed is contained in the following opinions: The opinion of the Court of Civil Appeals reported in 263 S. W. 946, holding that the contract, for the breach of which this suit was originally filed, is not such contract as is rendered unenforceable by the provisions of the statute of frauds, and that for this reason defendant in error could recover damages for its breach; that of the Commission of Appeals reported in 276 S. W. 678, holding to the contrary, and on which holding the Supreme Court reversed the judgment of the Court of Civil Appeals and remanded the cause to that court for further consideration; and that of the Court of Civil Appeals reported in 284 S. W. 1057, holding that the alternative plea of defendant in error seeking recovery of the value of the consideration for said contract paid by him and received by plaintiff in error was not barred by the statute of limitations of two years.

[1] Two reasons are given for the latter holding. The first is that said contract, "though unenforceable through the courts," was performable by plaintiff in error, and for this reason limitation did not begin to run against the cause of action asserted in the alternative plea until plaintiff in error filed in the trial court his original answer, which evidenced an intention to repudiate his contract, which, under the provisions of the statute of frauds, could not be enforced against him. The case of Taylor v. Rowland, 26 Tex. 293, cited as sustaining this view by the Court of Civil Appeals, is not applicable and does not support this holding. In that case the court expressly held:

"That the plaintiff was entitled to maintain his action for specific performance of the contract of the defendants to convey to him the land in question."

The only reason why specific performance was not an adequate remedy was the inability of the defendant to make title according to his contract, and the suit was one for damages for the injury defendants had caused plaintiff "to sustain by their failure to fulfill their undertaking." Here the cause of action asserted in the alternative plea was not for damages for failure or refusal to comply with the terms of the contract, but was for the value of the consideration paid at the time an unenforceable contract was entered into. Defendant in error was not, under the law, required to institute suit for damages for the breach of the contract which by reason of the statute of frauds could not be enforced in order to ascertain whether the plaintiff in error would resist recovery thereon, before he was entitled to sue for the value of the consideration paid by him and received by plaintiff in error when such contract was made. We cannot, therefore, agree that this

──────────

reason assigned by the Court of Civil Appeals is a correct one.

[2] The other reason assigned is that the cause of action relied on in the alternative plea, and upon which judgment was rendered in the trial court, was asserted in a supplemental petition filed by defendant in error within the period of limitation. The allegations contained in the supplemental petition are quoted in the opinion of the Court of Civil Appeals. This pleading was filed in answer to the defense urged to a recovery of damages for breach of the contract for the reason that the contract was unenforceable by reason of the statute of frauds, and defendant in error in this supplemental plea, after stating the facts which would give him a right to recover the value of the consideration paid by him in the settlement and dismissal of the former suit, says:

"If it should be held that said contract is within the statute of frauds, then plaintiff is entitled to recover the sum of $1,000 for each of said leases, aggregating the sum of $5,000, together with 6 per cent. interest thereon from the date of said contract. Wherefore plaintiff prays for the recovery of said sum of money, for legal interest thereon from the date same was to be paid under said contract, for costs of suit, and general and special relief."

While in stating the amount for which he sought judgment defendant in error measured the value of the consideration paid by him in the settlement and dismissal of the former suit by the agreed value of the several leases as recited in the contract, this did not change the nature of his plea. He was seeking to recover the value of the consideration he had paid. This plea was effective in arresting the running of limitation against the right of recovery on his alternative plea, and we approve this holding made by the Court of Civil Appeals.

No assignment requiring reversal of the judgment is presented, and we recommend that the judgments of the Court of Civil Appeals and the district court be affirmed.

CURETON, C. J. Judgment of the district court and Court of Civil Appeals affirmed.