### WATKINS v. ARNOLD.
### No. 4328.

Court of Civil Appeals of Texas. Texarkana.
May 11, 1933.

Rehearing Denied May 18, 1933.

Holland & Gray, of Henderson, for appellant.

Smith & West, of Henderson, for appellee.

SELLERS, Justice.

The appellant, Jake L. Watkins, brought this suit against the appellee, J. E. Arnold, to enforce specific performance of a contract entered into between them on August 24, 1928, by which appellee, among other things, gave appellant an option to purchase 43½ acres of land, a part of the T. H. Smith survey located about 9 miles northwest of Henderson in Rusk county, Tex. The contract sued upon is set out as follows:

"State of Texas County of Rusk.

"We, J. E. Arnold and Jake L. Watkins, hereby make and enter into the following agreement for the use, rent and occupancy by Jake L. Watkins for the remainder of the year 1928 and all of the year 1929 of the 43½ acres of T. H. Smith survey about 9 miles N. W. from Henderson in Rusk County, Texas, formerly known as the Whittington place, now owned by J. E. Arnold, said Jake L. Watkins agrees to pay to J. E. Arnold at Henderson, Texas, Seventy Five Dollars on or by the first day of October, 1929, and to repair and put the dwelling on said land in tenantable condition and to repair and put the fence around said land in good cattle proof condition. And to secure the payment of said sum, the Landlord's lien attaches to all crops raised or grown on said land and the stock pastured on said land during the year 1929 or any part thereof.

"On condition that said Jake L. Watkins pays the above described rent note on or by maturity thereof, and in addition thereto shall pay to J. E. Arnold Two Hundred Dollars in cash and execute to said J. E. Arnold his six vendor's lien notes to be dated October 1, 1929, the first five for One Hundred each, and the remaining note for One Hun-

dred and Fifty Dollars, all bearing interest from date at the rate of 10% per annum the interest to be paid annually as it accrues and all past due interest to bear interest at the same rate as principal to provide for maturity of all notes on default in the payment of either note or installment of interest when due and for 10% attorney's fees, and to mature in one, two, three, four, five and six years from date and all bearing the vendor's lien on the land for which same are given, said J. E. Arnold hereby obligates himself to make and execute and deliver to Jake L. Watkins a good and sufficient deed of conveyance with general warranty title, conveying to Jake L. Watkins the above mentioned land and retaining the vendor's lien to secure the above mentioned note and reserving a 1/16th interest in all oil, gas and minerals in and under said land with the right at any time before the execution of said deed to lease said land for oil, gas and mineral purposes and any time after the execution of said deed before the final payment of said note, but the said J. E. Arnold in case of such lease is to credit said notes with the full amount of any bonus paid for said lease and all rentals that may be paid for renewals therefor.

"Witness our signatures at Henderson, Texas, this, the 24th day of August, 1928.

"J. L. Watkins
"J. E. Arnold."

Appellant alleged that, because of the hard farming conditions, the contract was extended by the mutual consent of the parties and the rights of the parties reserved and continued until November 29, 1930, within which time appellant had the right to make the cash payment and execute the notes called for in the contract, and appellee was bound to execute the warranty deed called for to appellant. It is further alleged that appellant tendered all sums of money called for under the contract and offered to execute the notes to appellee, and has demanded of appellee the execution and delivery to him of the deed, but that, on account of the land becoming valuable for oil, appellee refused to comply with his contract to appellant's damage in the sum of $10,000. Appellant further alleges a tender of all things required of him in the contract, and prays for specific performance of the contract by appellee.

The appellee answered by general demurrer and special exceptions and general denial, and by way of cross-action pleaded the statutory action in trespass to try title.

At the close of the evidence of both parties, appellee moved the court to instruct a verdict in his behalf, which was by the court overruled, and the case was submitted to the jury upon special issues. Upon the jury's verdict and the court's own findings, a judgment was entered in favor of appellee for

title to the land involved and that appellant take nothing by his suit. From this judgment the appellant has duly prosecuted this appeal.

We have concluded that the court should have granted appellee's motion for an instructed verdict, and therefore all assignments complaining of the jury's verdict will not be considered.

Appellant's right to the relief sought necessarily depends upon the validity of the extension agreement extending the contract of August 24, 1928, entered into on November 29, 1929. If this contract of extension, resting in parol, was within the statute of frauds (Rev. St. 1925, art. 3995), then admittedly there was no error by the court in entering judgment for appellee. The contract of August 24, 1928, in so far as this suit is concerned, is nothing more or less than an option given by appellee to appellant to purchase the land involved on or before October 1, 1929. 27 R. C. L. 334, § 31. This being true, it is such a contract as required by the statute of frauds to be in writing. 27 C. J. 217, § 196. The undisputed evidence is that there was nothing said between the parties relative to an extension of the contract until November 29, 1929, when it was orally agreed to extend the contract for one year. At the time of this agreement for the extension of the contract, the time in which the appellant had to exercise the option to purchase the land under the contract had expired. It is a general rule that parol agreements to extend the time of performance of contracts required by the statute of frauds to be in writing are void. Adams v. Hughes (Tex. Civ. App.) 140 S. W. 1163, and cases therein cited. This rule is modified in this state, however, to the extent that a parol extension of the contract required by statute to be in writing is valid when made before the date of performance has expired. Bullis v. Presidio Min. Co. (Bullis v. Noyes), 75 Tex. 540, 12 S. W. 397. We are of the opinion that we should not vary the rule further than the Supreme Court has in the case of Bullis v. Noyes, and we therefore hold that the parol agreement to extend the contract entered into after the option agreement had expired is void and unenforceable. This view would seem to be in line with the case of Bullis v. Noyes, supra, for the case cited and relied on in that case was. Cummings v. Arnold, 3 Metc. (Mass.) 486, 37 Am. Dec. 155. In the Cummings Case it was decided that the contract in writing may be altered by subsequent parol agreement where the alteration was made before any breach or termination of the contract.

The conclusion reached makes it unnecessary to discuss the other assignments of appellant.

The judgment of the trial court is affirmed.