Kathlene KING, Trustee, Appellant,

v.

The TEXACALLY JOINT VENTURE, Richard L. Matz, Trustee and Randy C. Rogers, Trustee, Appellees.

No. 14231.

Court of Appeals of Texas, Austin.

March 6, 1985.

Rehearing Denied April 3, 1985.

E. Richard Criss, Gary A. Calabrese, Austin, for appellant.

Joseph Latting, Barbara Drexler Hathaway-Shaprio, Edens & Cook, Austin, for appellees.

Before POWERS, GAMMAGE and CARROLL, JJ.

GAMMAGE, Justice.

Kathlene King [King] appeals from a judgment, following a bench trial, in favor of the Texacally Joint Venture [Texacally]. We will reverse the judgment and remand the cause with instructions.

King seeks specific performance of a contract in which she was to purchase 123 acres of unimproved real property in Williamson County. The trial court denied specific performance because of the purported failure of King to timely deposit a letter of credit with the escrow agent, as required in the contract.

Weeks of negotiations between the parties ultimately resulted in an executed contract for the sale of the land being delivered to King on June 20, 1983. The contract provided that King was "to forthwith deposit with Travis Title Company, Escrow Agent, the sum of $50,000 in the form of an irrevocable letter of credit," to serve as earnest money to bind the sale. The contract further provided for the sale to be completed on or before August 17, 1983.

On June 21, King contacted Franklin Savings to inquire what was necessary for a letter of credit and met with Franklin's president that afternoon. On June 22, King delivered a completed application for the letter of credit to Franklin Savings, and on the following day, June 23, was informed that her application had been approved. Franklin was to immediately begin preparation of the letter of credit, and to have the document ready by Friday, June 24, or Monday, June 27. In a telephone conversation on June 23 with Texacally trustees, King assured Texacally that the letter of credit would be ready by June 27, or she would put into escrow $50,000 of her personal funds. The Texacally trustees orally agreed to allow King to deposit the letter of credit on June 27, but cautioned her that this date was "the absolute deadline." When the document was not ready for presentation on June 27, King made arrangements to have a cashier's check issued to deposit with the escrow agent. She picked up the cashier's check on the morning of June 28th. During a telephone conversation with one of the Texacally trustees later that day, King offered to deposit the check in lieu of the yet unreceived letter of credit. At that time, the trustee informed her that the contract was cancelled and that Texacally did not intend to complete the sale. King immediately deposited the certified check with the escrow agent. The escrow agent returned the check and the contract to her the following day. King thereafter initiated this suit for specific performance of the contract.

The trial court found, in its findings of fact, that King had failed to "forthwith deposit the letter of credit" as required by the written contract. The trial court further found that the oral agreement between King and Texacally, that June 27 was "the absolute deadline" for depositing the earnest money, was a modification of the original agreement, and that King had breached the agreement as modified. Based upon these findings, the trial court concluded that this asserted default by King constituted a material breach of the agreement, which thereby relieved Texacally of its obligation to perform the contract.

■ King argues that even if the parties did attempt an oral modification of the agreement, such modification is in violation of the Statute of Frauds, and is therefore unenforceable. It is well settled that an oral agreement which materially modifies a written agreement within the Statute of Frauds is not enforceable. Tex.Bus. & Com.Code Ann. art. 26.01 (Supp.1985); *see also Dracopoulas v. Rachal,* 411 S.W.2d 719 (Tex.1967), and *Vendig v. Traylor,* 604 S.W.2d 424 (Tex.Civ.App.1980, writ ref'd n.r.e.). If the attempted modification did

not materially alter the written agreement, it follows that breach of the modification would not be a sufficiently material breach to excuse Texacally from performance.

 The asserted modification would have altered King's time for performance from "forthwith" to seven days after the executed agreement was received, almost two months prior to the anticipated closing date of August 17. It has been held that attempted alteration of the time for performance in real estate contracts is a material alteration. *Vendig, supra.* In this case, the failure of King to perform within the deadline would have resulted in a forfeiture of all her rights under the contract. Furthermore, Texacally asserts the breach of the modification is sufficiently material to excuse its performance. For these reasons, we hold that the oral modification is a material modification of the original written agreement, and is therefore unenforceable under the Statute of Frauds. *Dracopoulas, supra.*

King next contends that the trial court erred in finding that she did not "forthwith" deposit the letter of credit. King contends that she performed her obligations by depositing a cashier's check for the full amount required by the contract with the escrow agent eight days after the executed contract was received. We agree.

The written agreement between the parties does not define the term "forthwith." We must therefore assume that the parties intended the term to have the meaning previously attributed to it by judicial construction. *Hardware Dealers Mutual Insurance Co. v. Berglund*, 393 S.W.2d 309 (Tex.1965); *Dallas Opera House Association v. Dallas Enterprises Inc.*, 298 S.W. 397 (Tex.Comm.App.1927).

 It is well settled that "forthwith" does not mean immediately, but rather as soon as the required task may reasonably be performed with diligent exertion. *Billingsley v. Mossler Acceptance Co.*, 119 S.W.2d 196 (Tex.Civ.App.1938, no writ); *Collins v. McFarland*, 60 S.W.2d 334 (Tex. Civ.App.1933, writ ref'd); *Freiberg v.*

*Brunswick-Balke-Collender Co.*, 16 S.W. 784 (Tex.App.1890). "Forthwith" has also been held to mean simply "within a reasonable time." *Dallas Opera House Association, supra;* 14 Tex.Jur.3rd, Contracts § 229 at 403 (1981).

 The only evidence in the record regarding the length of time necessary to secure a letter of credit, such as that required in the contract, is the testimony of the president of Franklin Savings. He testified that the reasonable time in which to obtain a letter of credit is two to four weeks. This testimony is not contradicted. When the letter of credit was not ready on the seventh day following King's receipt of the signed contract, she deposited a cashier's check with the escrow agent on the eighth day. Texacally makes no complaint about King depositing the check in lieu of a letter of credit. We therefore hold that, as a matter of law, King timely deposited the earnest money as required by the contract.

The judgment of the trial court is reversed, and the cause is remanded to the trial court for entry of judgment that the contract be specifically enforced.

POWERS, J., not participating.