**C.P. JOINER and Wife, Opal S. Joiner, Appellants,**

v.

**Michael C. ELROD, Trustee, Appellee.**

**No. 13–86–105–CV.**

Court of Appeals of Texas, Corpus Christi.

Aug. 29, 1986.

Rehearing Denied Sept. 30, 1986.

Robert Wilson, Marc O. Knisely, McGinnis, Lochridge & Kilgore, Austin, for appellants.

Donald R. Taylor, Akin, Gump, Strauss, Hauer & Feld, San Antonio, for appellee.

Before NYE, C.J., and SEERDEN and UTTER, JJ.

## OPINION

SEERDEN, Justice.

The trial court found that the parties had made a contract for a sale of land and ordered specific performance. Appellants raise two points of error. We affirm the trial court's judgment.

At trial, Kenneth H. Katz was the only witness on the merits, and the parties do not dispute the facts. Appellee Michael Elrod, acting as trustee for Katz, executed an earnest money contract in which he offered to buy certain real property from appellants. Appellants knew that Katz was the person buying the land. On October 13, Katz called Mr. Joiner to ask his intentions. Katz testified that Joiner told him that "everything was agreeable, that we had a deal, that he was going to execute the contract and mail it back...." Katz then pointed out that the contract contained a provision, paragraph 4, which revoked the offer unless the seller executed and delivered it before the close of the business day October 14. Katz stated that the provision had been inserted for his convenience, "and for my purpose only." The parties then agreed to disregard the paragraph containing the deadline. On October 20, the Joiners deposited the fully executed earnest money contract into the mail for delivery to Katz. On October 20, Katz deposited $1,000 earnest money with the title company. Also on October 20, Mr. Joiner sent a telegram to arrive before the arrival of the contract. It stated, "In reference to Earnest Money Contract for Lot 4, Block 19, CB9919 Unit 3, Rollingwood Estates, Bexar County, Texas. I have signed and returned contract but have changed my mind. Do not wish to sell property."

Appellants contend, by point one, that the trial court erred as a matter of law in finding the existence of an enforceable contract for the sale of the property, based on "the oral modification of a written offer within the Statute of Frauds." Under this point, appellants argue that no contract was ever formed, and characterize the transaction as offer and counteroffer. They also urge that any contract is unenforceable because the oral modification was material.

■ The evidence establishes that a contract for the sale of land was formed during the telephone conversation of October 13, when there was a meeting of the minds about the terms of the transaction. *Hemenway Co., Inc. v. Sequoia Pacific Realco,* 590 S.W.2d 545, 548 (Tex.Civ.App.—San Antonio 1979, writ ref'd n.r.e.); *Garcia v. Villarreal,* 478 S.W.2d 830, 832 (Tex.Civ. App.—Corpus Christi 1971, no writ); *Ensenat v. Vasquez,* 366 S.W.2d 605, 611 (Tex.Civ.App.—Houston 1963, writ ref'd n.r.e.).

■ Under Texas law, oral contracts to convey land are not void, but unenforceable if the party against whom enforcement is sought raises the Statute of Frauds as a

defense. *See Stamford State Bank v. Miles,* 186 S.W.2d 749, 751 (Tex.Civ.App.—Eastland 1945, no writ); *Anders v. Johnson,* 284 S.W. 1057 (Tex.Civ.App.—Texarkana 1926), *aff'd,* 288 S.W. 168 (Tex. Comm'n App. 1926, judgmt aff'd); *Evans v. Ingram,* 288 S.W. 494, 495 (Tex.Civ.App.—Waco 1926, no writ).

█ A memorandum is required not for the purpose of obtaining a written contract, but merely to furnish written evidence, signed by the party to be charged, of the obligation to be enforced against him. *Taggart v. Crews,* 521 S.W.2d 703, 708 (Tex.Civ.App.—San Antonio 1975), *appeal on remand,* 543 S.W.2d 422 (Tex.Civ.App.—Waco 1976, writ ref'd n.r.e.). The written memorandum may be made after the agreement. *Black v. Hanz,* 146 S.W. 309, 312 (Tex.Civ.App.—Austin 1912, no writ). The writing may consist of correspondence, receipts, telegrams, or a combination of documents. *Fulton v. Robinson,* 55 Tex. 401, 405 (1881); *Taggart,* 521 S.W.2d at 708 n. 4; *Black* at 312. The writing does not need to contain all of the stipulations on which the parties have agreed. *Taggart,* 521 S.W.2d at 708 n. 4; *Leverett v. Leverett,* 59 S.W.2d 252, 254 (Tex.Civ.App.—Texarkana 1933, writ ref'd).

█ The question in this case is whether the execution was valid. Evidence shows that the execution was pursuant to an oral agreement to delete paragraph 4. That Joiner agreed to the contract and subsequent modification is evidenced by his behavior in delivering the contract on October 20 and by the contents of his telegram. The contract became enforceable when Joiner delivered the executed writing by placing it in the mail.

█ A party may waive strict performance of a contract which is required to be in writing, or extend its terms by oral agreement. *Gulf Production Co. v. Continential Oil Co.,* 139 Tex. 183, 164 S.W.2d 488, 491 (1942). An offeror may waive strict compliance with provisions specifying a time limit, even where time is the essence of the contract. *Puckett v. Hoover,* 146

Tex. 1, 202 S.W.2d 209, 212 (Tex.1947); *Highpoint of Montgomery Corp. v. Vail,* 638 S.W.2d 624, 627 (Tex.App.—Houston 1982, writ ref'd n.r.e.); *Hage v. Westgate Square Commercial,* 598 S.W.2d 709, 711 (Tex.Civ.App.—Waco 1980, writ ref'd n.r.e.); *Laredo Hides Co. v. H & H Meat Products Co.,* 513 S.W.2d 210, 217 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n.r.e.).

█ If a parol agreement to extend the time of an option contract is entered into *after* the option has expired, it is void and unenforceable. *Watkins v. Arnold,* 60 S.W.2d 476, 477 (Tex.Civ.App.—Texarkana 1933, writ ref'd). *Watkins* cites *Bullis v. Noyes,* 75 Tex. 540, 12 S.W. 397 (1889), for the rule that a parol extension of a contract required by statute to be in writing is valid when made *before* the date of performance has expired. Although in the case at bar, the extension of time was for the execution of the written memorandum rather than for performance under a contract which was already written and executed, we see no reason to apply different rules to the extension of time for execution of the option than to the extension of the time for performance in another type of contract covered by the Statute of Frauds.

█ The offeror may dictate the terms of acceptance of an offer. *Lone Star Gas Co. v. Coastal States Gas Producing Co.,* 388 S.W.2d 251, 254 (Tex.Civ.App.—Corpus Christi 1965, no writ).

█ Moreover, a party can waive provisions for his benefit. As notification of acceptance is required for the benefit of the person who makes the offer, the person who makes the offer may dispense with notice to himself. If the offeror intimates a particular mode of acceptance is sufficient to make the bargain binding, it is only necessary that the offeree follow the indicated method of acceptance. *International Filter Co. v. Conroe Gin, Ice & Light Co.,* 277 S.W. 631, 632 (Tex.Comm'n App. 1925). In *Apperson v. Shofner,* 351 S.W.2d 367 (Tex.Civ.App.—Waco 1961, no writ), the court, noting that a provision

prohibiting assignment of a lease was for the lessor's benefit, found that the lessor waived the provision by oral consent to an assignment. *Id.* at 368. In *Pruett Jewelers, Inc. v. J. Weingarten, Inc.*, 426 S.W.2d 902 (Tex.Civ.App.—Tyler 1968, writ ref'd n.r.e.), a landlord gave a tenant a lease with an option to extend the term for an additional 5 years upon notification to the lessor six months prior to the expiration of the primary term of the lease. The lessee accepted the option within the primary term, but less than six months before its expiration. The court found that the specification that the option to extend be exercised by a certain time was for the sole benefit of the lessor, and held that the lessor could and did waive the time restriction, and thus, the lessee was bound for the five-year extension. *Pruett* at 905–06.

■ Katz testified that paragraph 4, which contained the deadline, was for his purposes only. Thus, Katz could and did waive the specifications of paragraph 4.

■ In *Pruett*, the court additionally noted that the parties acted consistently with the option's acceptance, at least initially. *Id.* at 905. The parties' behavior is evidence of the oral modifications. *See Toland v. Azton*, 553 S.W.2d 433, 434 (Tex. Civ.App.—San Antonio 1977, no writ); *Stamford State Bank* at 751. Joiner's execution and delivery of the contract on October 20 is consistent with the oral agreement. Katz' deposit of earnest money on October 20 is consistent with his position that a contract had been formed and the deadline for execution extended. He testified that he deposited the money before he received "anything written," based on oral acceptance of the contract by Joiner.

■ Appellants argue that the "agreement to delete paragraph 4, and thereby extend the time for acceptance, constitutes a significant change ... and materially affects other provisions and requirements of the contract," citing *Dracopoulas v. Rachal*, 411 S.W.2d 719 (Tex.1967); *Vendig v. Traylor*, 604 S.W.2d 424 (Tex.Civ.App.—

Dallas 1980, writ ref'd n.r.e.); and *King v. Texacally Joint Venture*, 690 S.W.2d 618 (Tex.App.—Austin 1985, writ ref'd n.r.e.).

*Garcia v. Karam*, 154 Tex. 240, 276 S.W.2d 255, 257 (1955), offers a test to be used in determining whether an oral modification violates the Statute of Frauds. The Supreme Court stated, "We should look to the written contract before modification and to the character of the modification itself. If neither the portion of the written contract affected by the subsequent modification nor the matter encompassed by the modification itself is required by the Statute of Frauds to be in writing, then the oral modification will not render the contract unenforceable." In *Garcia*, the Court held that a subsequent oral modification of a contract to convey real estate was valid, because the term modified was not required to be expressed in writing. In its analysis, the court mentioned that the modification "amounted only to a change of one incidental condition."

Although the modification in this case would pass the test in *Garcia*, appellant urges that it cannot stand up to *Dracopoulas*. In *Dracopoulas*, the court stated that the Statute barred oral modifications which made "material changes" and offered a test of materiality.

*Dracopoulas* involved an alleged oral modification of a contract between a seller of real estate and a broker. The court held that the oral agreements made "material changes" in the original written contract and therefore violated the Real Estate License Act. The oral agreements alleged were an agreement to change the listing provision from exclusive to non-exclusive and an agreement to extend the term of the contract for an indefinite period. The Supreme Court explained the materiality of the change in the extension of the term of the contract using an analysis of the contract as a whole. It stated, "The termination date of the listing contract is the hinge upon which still other contractual rights and duties turn." The Court illustrates the materiality of the change by showing that the meaning of other provi-

sions of the contract were not just affected, but "destroyed," and that the time clause was the trigger to all of the rights and duties in the contract.

Appellant presents *Vendig* and *King* as authority for its position. These cases strike down oral modifications of time provisions in real estate contracts, and rely on *Dracopoulas*.

In *Vendig*, the court looked to the circumstances surrounding the contract and found that the controlling facts were that (1) the property was posted for a foreclosure sale on September 5; and (2) beneath the printed terms of the form contract, a provision was inserted which stated that the contract would be null and void if the financing contingency was not filled by August 28. The court stated at 428:

> In our view, fulfillment of the financing contingency by August 28 was an essential part of the underlying obligation of the contract. Because Traylor was faced with a foreclosure sale on September 5, the essence of the contract was not merely a sale, but a sale before foreclosure. Thus, it was a crucial part of the contract that it become binding, if at all, by August 28. If the financing contingency was not fulfilled, Traylor would have time to find another buyer prior to the September 5 date for the foreclosure sale. Consequently, that requirement could not be modified by an oral agreement permitted by the Statute of Frauds and the contract terminated by its express terms on August 28.

In contrast to *Dracopoulas* and *Vendig*, the underlying obligation in the contract in the case at bar is not affected by the extension of the deadline.

In *King*, the oral modification which was held unenforceable served to shorten, rather than extend, the deadline for deposit of earnest money. *King* cites *Vendig* for the proposition that "attempted alteration of the time for performance in real estate contracts is a material alteration," *King* at 620, without examining the analysis behind the *Vendig* decision. According to *Vendig*, the test is whether the oral modification *materially* alters the obligations imposed by the underlying agreement. *Vendig* at 427 and at 429 n. 1. While the result in *King* may be correct, the analysis is superficial. In finding the modification material, the court states, "the failure of King to perform within the deadline would have resulted in a forfeiture of all of her rights under the contract." *King* seems to reason that any modification is material if to disallow it would defeat a party's right to recovery. However, *any* variance could be elevated to materiality under such circular reasoning, which is clearly inconsistent with the results in cases such as *Garcia*, which allowed enforcement of a contract with an oral modification.

Moreover, the opinions in *Dracopoulas*, *King*, and *Vendig* show that one of the parties disputed making the oral modification on which the other party claimed reliance, and refused to act in conformity. In the case at bar, Joiner mailed the contract in conformity with the oral modification.

The analysis in *Smith v. Hues*, 540 S.W.2d 485 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.), is both more applicable and more compelling. In *Smith*, an oral modification to change the agent with which the earnest money was deposited was held not barred by the Statute of Frauds. We find that the oral agreement to disregard paragraph 4 is a change in a condition which does not materially affect the underlying obligation in the contract, and is valid. We overrule point one.

■ By point two, appellants contend that the trial court erred in ordering specific performance. As discussed under point one, the material provisions of the contract are intact. Katz testified at trial that the land was unique and valuable to him. The court's order of specific performance was not an abuse of discretion. *See Hubler v. Oshman*, 700 S.W.2d 694, 698 (Tex.App.—Corpus Christi 1985, no writ). We overrule point two.

We AFFIRM the trial court's judgment.