ACCEPTED
03-14-00607-CV
5072679
THIRD COURT OF APPEALS
AUSTIN, TEXAS
4/28/2015 5:33:33 PM
JEFFREY D. KYLE
CLERK

No. 03-14-00607-cv

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
4/28/2015 5:33:33 PM
JEFFREY D. KYLE
Clerk

IN THE COURT OF APPEALS FOR
THE THIRD DISTRICT OF TEXAS AT AUSTIN

KENNETH M. HARDIN,
*Appellant*

vs.

JOSEPH LELLA,
*Appellee*

## REPLY BRIEF OF APPELLANT KENNETH M. HARDIN

On appeal from the County Court at Law No. 2 of Travis County, Texas
Cause No. C-1-CV-14-006415
Honorable Eric Shepperd, Judge Presiding

Mark L. Aschermann
SBN 01368700
BARRON & NEWBURGER, PC
6300 West Loop South, Suite 341
Bellaire, Texas 77401
Telephone (713) 942-0808
Facsimile (713) 942-0449
maschermann@bn-lawyers.com

*ATTORNEYS FOR APPELLANT*

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

**I. RESPONSES TO APPELLEE'S BRIEF** . . . . . . . . . . . . . . . . . . . . . . . . . . **4**

**II. SUMMARY OF THE ARGUMENT**

**Reply Issue Number One** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **4**
**The trial court erred in granting the Motion for Summary Judgment because the Appellee Joseph Lella's claims for breach of contract, unjust enrichment and declaratory relief are barred by limitations. (Reply to Appellee Issues 1, 7 and 8)**

**Reply Issue Number Two.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **6**
**The trial court erred in granting the Motion for Summary Judgment because the Second Promissory Note was a novation of the First Promissory Note and constituted consideration to support the Novation. (Reply to Appellee Issues 4, 5, 9 and 10)**

**III. ARGUMENT AND AUTHORITIES**

**Reply Issue Number One** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **6**
**Reply Issue Number Two** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **14**

**IV. CONCLUSION AND REQUEST FOR RELIEF** . . . . . . . . . . . . . . . . . . **16**

# INDEX OF AUTHORITIES

**Cases**

*Barnes v. LPP Mortg., Ltd.,* 358 S.W.3d 301, 303 (Tex. App. Dallas 2011) ................... 12

*Crego v. Lash*, 2014 Tex. App. 3272 (Tex. App.—Corpus Christi, 2014, no pet.) .......... 10

*CTTI Priesmeyer v. K & O Ltd. Partnership*, 164 S.W.3d 675, 680-681 (Tex. App.--Austin 2005, no pet.) ....................................................................................... 15

*Elledge v. Friberg-Cooper Water Supply Corp.*, 240 S.W.3d 869, 871 (Tex. 2007) ... 5, 13

*Joiner v. Elrod*, 716 S.W.2d 606, 609 (Tex. App.- Corpus Christi 1986, no pet.) ....... 9, 10

*Koch Oil Co. v. Wilber*, 895 S.W.2d 854, 858 (Tex. App. Beaumont 1995) ................... 12

*Loomis v. Republic Nat'l Bank*, 653 S.W.2d 75, 77 (Tex. App. Dallas 1983) ................. 11

*Martin v. Ford*, 853 S.W.2d 680, 682 (Tex. App. Texarkana 1993) ............................... 12

*National Mar-Kit, Inc. v. Forrest*, 687 S.W.2d 457, 458 (Tex. App. Houston 14th Dist. 1985) .................................................................................................................. 11

*Vandeventer v. All American Life & Casualty Co.,* 101 S.W.3d 703, 712 (Tex. App.--Fort Worth 2003, no pet.) ........................................................................................ 15

*Wiman v. Tomaszewicz*, 877 S.W.2d 1, 3 (Tex. App. Dallas 1994) ................................. 12

**Statutes**

Texas Civil Practice and Remedies Code §16.003 ....................................................... 5, 13

Texas Civil Practice and Remedies Code §16.004 ........................................................... 7

## I. RESPONSES TO APPELLEE'S BRIEF

**1.     The trial court erred in granting the Motion for Summary Judgment because the Appellee Joseph Lella's claims are barred by limitations. (Reply to Appellee Issues 1, 7 and 8)**

**2.     The trial court erred in granting the Motion for Summary Judgment because the Second Promissory Note was a novation of the First Promissory Note and constituted consideration to support the Novation. (Reply to Appellee Issues 4, 5, 9 and 10)**

## II. SUMMARY OF THE ARGUMENT

**Reply Issue Number One**

**1.     The trial court erred in granting the Motion for Summary Judgment because the Appellee Joseph Lella's claims for breach of contract, unjust enrichment and declaratory relief are barred by limitations. (Reply to Appellee Issues 1, 7 and 8)**

Three Promissory Notes (C.R. 50-55) are at issue in this matter, each for the principal amount of $30,000.00 plus interest. Each included the following language: *"The initial loan shall be for a minimum period of six months, thereafter paymant* [sic] *of the entire balance plus any unpaid interest compounded monthly,*

*is due upon demand in writing, sixty days prior to expected date of receipt thereof, to the undersigned at the address herein below."* The Appellee Lella argues that his cause of action did not accrue and limitations did not begin to run until he made demand for payment of the First Promissory Note in February 2013 (C.R. 56).

No interest was paid to Lella after 2003, as all interest was paid to his wife consistent with the Second and Third Promissory Notes. Accordingly, the First Promissory Note was in default, the cause of action accrued, and the statute of limitations began to run in 2003. Additionally and/or alternatively, a fact issue precluding summary judgment exists as to the date of accrual of the cause of action related to the unreasonable delay in making demand for payment.

Lella advanced the money in 1996 and received interest pursuant to the First Promissory Note through 2003. Unjust enrichment claims are governed by the two-year statute of limitations the Texas Civil Practice and Remedies Code §16.003. *Elledge v. Friberg-Cooper Water Supply Corp.*, 240 S.W.3d 869, 871 (Tex. 2007). As noted in Issue Number One, Lella's cause of action accrued no later than January 2004. Thus, the limitations period expired in January 2006, more than 7 years before he made this claim. As a result, the Trial Court's summary judgment on unjust enrichment must be reversed.

As to the Appellee's request for Declaratory Relief, any cause of action for Declaratory Relief was contemporaneous with the breach of contract cause of

action on the Promissory Note so that the same limitations period applies. Otherwise the declaratory judgment cause of action would be become the safe haven for all time barred claims.

**Reply Issue Number Two**

**2.     The trial court erred in granting the Motion for Summary Judgment because the Second Promissory Note was a novation of the First Promissory Note and constituted consideration to support the Novation. (Reply to Appellee Issues 4, 5, 9 and 10)**

In 2003 the First Promissory Note was replaced by the Second Promissory Note, which lowered the interest rate and changed the Payee to Elisabeth Lella, Appellee's wife. The Second Promissory Note was the consideration to support the novation of the First Promissory Note. The facts and circumstances of these transactions create a fact issue which precludes summary judgment.

## III. ARGUMENT AND AUTHORITIES

**Reply Issue Number One**

**1.     The trial court erred in granting the Motion for Summary Judgment because the Appellee Joseph Lella's claims for breach of contract, unjust enrichment and declaratory relief are barred by limitations. (Reply to Appellee Issues 1, 7 and 8)**

Joseph Lella filed his Plaintiff's Original Petition on May 9, 2013 (C.R. 8). Thus, if Lella's cause of action accrued on or before May 9, 2009, Lella's claim is barred by the statute of limitations. *Tex. Civ. Prac. Rem. Code §16.004.* Appellee's causes of action accrued at least by the year 2003 when all interest payments were sent to Appellee's wife Elisabeth Lella.

In his Conclusion, Appellee avers: "It is unchallenged that Appellant is in breach of his contract under the note with Appellee. Appellant did not breach the contract until demand for payment was made and ignored." The Appellant and Appellee are in agreement that the First Promissory Note is in default, assuming it was not replaced by novation through the Second Promissory Note.

The question before the Court is: When did the cause of action accrue on the First Promissory Note? Was it upon demand by the Appellee in 2013? Was it when the note was made? Or was it the default in 2003 after which Appellee no longer received any interest payments as the payments were sent to his wife Elisabeth?

Both Appellant and Appellee agree that interest was paid to Appellee's wife Elisabeth (Appellee's Brief p. 5). The payment to Elisabeth was accompanied by correspondence, the Second Promissory Note, a reduced interest rate, and tax reporting of the interest to Elisabeth (CR 50-55, 130-136). Appellee silently agreed to these changes, complaining that he was the rightful recipient of the debt

only after Richard Crawford filed a bankruptcy petition and ceased paying interest to Elisabeth. (CR 71)   He explains his silence as:

> Formal demand for full interest payments were not made in an attempt to help Crawford, the husband of Appellee's niece, in his business. (C.R. 48) ***Mrs. Lella*** had conversations with Crawford in which she tried to discuss the attempt to change the terms of the agreement, and the fact that the interest payments being made were not as promised.  These attempted discussions proved fruitless.  (CR 48; CR 60)
> Appellee's Brief p 6; (emphasis added).

Appellee has offered no written documentation of these 'fruitless' conversations by Mrs. Lella with her niece's husband.    It should also be noted that Mrs. Lella, not Appellee, had these conversations with Crawford.

Regardless of whether the Second Promissory Note is considered a legal novation of the First Promissory Note, there is no factual dispute that Joseph Lella received NO interest payments after 2003.

The Kenneth Hardin affidavit states that:  "Based upon this new note we sent all interest payments to Elisabeth Lella along with IRS 1099 report.  To my knowledge both Elisabeth and Joseph Lella agreed to this change, accepted the interest payments and never complained about the reduced interest rate or the direction of payments to Elisabeth Lella" (CR 125).  A copy of  the Americus Diamonds handwritten note ledger (CR 130-131), general ledger payments to Elisabeth Lella, and IRS reporting statements to Elisabeth Lella   (CR 133-136)

were part of Appellant's Summary Judgment Response.[1] Elisabeth Lella cooperated by providing her Canadian tax information to Appellant and his partner (CR 130, 136).

The Appellee's Brief for Lella is *silent* as to Lella's explanation for this lost decade other than stating that payments were made to his wife at his request. One must refer back to Lella's Motion for Summary Judgment to obtain his legal position on this point.

Lella defended his decade of inaction by saying that "Plaintiff did not make formal demand earlier "in an attempt to help (his) niece's husband in his business" (C.R. 148). Lella also attempts to excuses this forbearance with the statement "a party can waive contractual provisions for his own benefit. *Joiner v. Elrod*, 716 S.W.2d 606, 609 (Tex. App.- Corpus Christi 1986, no pet.)."

As stated in Appellant's Brief at page 20, in *Joiner*, the real estate buyer Elrod, through a Trustee, offered to buy real estate owned by Joiner. A written offer was sent to Joiner with a deadline by which the offer expired. Joiner accepted the offer after the deadline and mailed the contract to Elrod but later that day sent a telegram revoking that consent. Elrod sued for specific performance.

The above quote needs to be placed in context as a few lines later the *Joiner* court said:

---

[1] Appellant notes that the Trial Court excluded this evidence to the extent it supports the novation defense but not as to the limitations defense. (RR 11)

Moreover, a party can waive provisions for his benefit. As notification of acceptance is required for the benefit of the person who makes the offer, the person who makes the offer may dispense with notice to himself. If the offeror intimates a particular mode of acceptance is sufficient to make the bargain binding, it is only necessary that the offeree follow the indicated method of acceptance.
*Joiner*, supra, at 609

Therefore, *Joiner* can be distinguished from the instant case.

Hardin and Crawford acted in reliance on the Second and Third Promissory Notes, paying interest to Elisabeth Lella, not Joseph Lella, and paying a lower rate of interest. Additionally, the timing of the receipt of acceptance of the offer was a minor matter in the *Joiner* transaction for which agreement was readily made. Lella attempts to waive a decade of continued effort by Hardin and then Crawford. Lella's attempted waiver is only for his own benefit and should be disregarded.

All of the documentation of the loans, the correspondence between the parties, and the later behavior of the parties was consistent with the replacement of the First Promissory Note by novation through the Second Promissory Note. If there was not a novation of the First Promissory Note, Appellant was in breach of its provisions because no interest was paid to Appellee after 2003, as all interest, at a reduced rate, was paid to his wife Elisabeth Lella.

Appellee refers to only three cases on the limitations issue. The first is *Crego v. Lash*, 2014 Tex. App. 3272 (Tex. App.—Corpus Christi, 2014, no pet.), which Appellee attempts to distinguish.

The second is *National Mar-Kit, Inc. v. Forrest*, 687 S.W.2d 457, 458 (Tex. App. Houston 14th Dist. 1985) which involves an oral agreement followed by a written contract during a time when there were different limitations period for oral and written contracts. The limitations argument was rejected because the Legislature changed the limitations statute to a single four year limitations period for both oral and written contracts.

The third is *Loomis v. Republic Nat'l Bank*, 653 S.W.2d 75, 77 (Tex. App. Dallas 1983) which involved an installment note from Loomis to Republic National Bank payable "on demand or if no demand be made 1-31-77." Republic National Bank filed suit on January 28, 1981. Loomis argued that the obligation was a demand note and that the cause of action accrued on July 30, 1976, the date of the making of the note. The *Loomis* court held:

> We construe the note to mean that it was due on January 31, 1977, unless a prior demand had been made. In the event that no demand was made prior to January 31, 1977, the note provides that demand was waived. We hold that the note matured on January 31, 1977, and that suit was brought thereon within the four year statute of limitations.
> *Loomis*, supra at 78

It is unclear how that holding is applicable to the case at bar.

There is a brief but clear written record of the dealings between Appellant and Appellee on this matter. There are the three Promissory Notes with contemporaneous correspondence (CR 50-55) and the records of the Americus Diamonds business on the payment of the interest (CR 130-136). Appellee has no

written evidence of his position in 2003, other than his gratuitous comments in his April 10, 2014 Affidavit (CR 47-49), more than a decade after the key events transpired.

Even if a Note is payable after formal demand, the demand must be made in a reasonable time, depending on the circumstances of each case. ***Absent mitigating circumstances, demand is reasonable if made within the period of limitations.*** *Martin v. Ford*, 853 S.W.2d 680, 682 (Tex. App. Texarkana 1993), *Barnes v. LPP Mortg., Ltd.,* 358 S.W.3d 301, 303 (Tex. App. Dallas 2011), *Wiman v. Tomaszewicz*, 877 S.W.2d 1, 3 (Tex. App. Dallas 1994), *Koch Oil Co. v. Wilber*, 895 S.W.2d 854, 858 (Tex. App. Beaumont 1995).

In the alternative, if the claim on the First Promissory Note is not barred by limitations as a matter of law, a fact issue precluding summary judgment exists as to the day the cause of action accrued as Lella unreasonably delayed making demand for payment of the First Promissory Note. When a cause of action accrues is uniquely a fact issue. At a minimum, Appellant raised a fact issue as to whether Lella's cause of action accrued more than four years before the date of suit.

Accordingly, the First Promissory Note was in default, the cause of action accrued, and the statute of limitations began to run in 2003. Additionally and/or alternatively, a fact issue precluding summary judgment exists as to the date of

accrual of the cause of action related to the unreasonable delay in making demand for payment.

The Appellant did not respond with a laches defense in the trial court so no response is made here.

Lella advanced the money in 1996 and received interest pursuant to the First Promissory Note through 2003. Unjust enrichment claims are governed by the two-year statute of limitations, Texas Civil Practice and Remedies Code §16.003. *Elledge v. Friberg-Cooper Water Supply Corp.*, 240 S.W.3d 869, 871 (Tex. 2007). As noted in Issue Number One, Lella's cause of action accrued no later than January 2004. Thus, the limitations period for any unjust enrichment claim expired in January 2006, more than 7 years before he made this claim. As a result, the Trial Court's summary judgment on unjust enrichment must be reversed.

As to the Appellee's request for Declaratory Relief, any cause of action for Declaratory Relief was contemporaneous with the breach of contract cause of action on the Promissory Note so that the same limitations period applies. Otherwise the declaratory judgment cause of action would become the safe haven for all time barred claims.

**<u>Reply Issue Number Two</u>**

**2.     The trial court erred in granting the Motion for Summary Judgment because the Second Promissory Note was a novation of the First Promissory Note and constituted consideration to support the Novation. (Reply to Appellee Issues 4, 5, 9 and 10)**

Appellant raised novation as a fact issue precluding summary judgment in his Response to Motion for Summary Judgment.   Appellant supported his Response with competent summary judgment evidence establishing that the Second Promissory Note was a replacement of the First Promissory Note.   As further evidence of the intent of the parties to make the obligation payable to Elisabeth Lella, paragraph 4 of the Second Promissory Note stated: "This NOTE replaces and invalidates all previous NOTEs between American Diamond and (handwritten) Elisabeth Lella" (C.R. 53).

Ample evidence exists in the record to support the novation defense.   As a result, there was a fact issue as to whether novation applied and summary judgment was improper.

Appellee argues that there was no consideration to support a novation. However, the record clearly shows that the Second Promissory Note was the consideration for the novation of the First Promissory Note (C.R. 53).

Novation is the creation of a new obligation in place of an old one. Under the novation, the parties may agree that a new obligor is substituted to perform the duties agreed on in the old contract and the original obligor is released from performing those duties. *Vandeventer v. All American Life & Casualty Co.,* 101 S.W.3d 703, 712 (Tex. App.--Fort Worth 2003, no pet.).

The consent to substitute a new obligor and release the original obligor may be express or implied. *Vandeventer v. All American Life & Cas. Co.,* 101 S.W.3d 703, 712-713 (Tex. App.--Fort Worth 2003, no pet.). In the absence of an express agreement, whether a new contract operates as a novation of an earlier contract is usually a question of fact. It becomes a question of law only if the evidence would not cause reasonable minds to differ as to its effect. *CTTI Priesmeyer v. K & O Ltd. Partnership*, 164 S.W.3d 675, 680-681 (Tex. App.--Austin 2005, no pet.).

Accordingly, the First Promissory Note was in default, the cause of action accrued, and the statute of limitations began to run in 2003. Additionally and/or alternatively, a fact issue precluding summary judgment exists as to the date of accrual of the cause of action related to the unreasonable delay in making demand for payment.

The three Promissory Notes and related correspondence (C.R. 50-55, 83) show that Hardin and Lella intended for the Second Promissory Note to replace the First Promissory Note. Hardin's affidavit (C.R. 125) stated that Joseph Lella

agreed, and in fact asked, that his wife Elisabeth be the payee on the Second Promissory Note(s) and that interest payments be directed to her. Even without this testimony from Hardin, the actions (and lack of action) of the Lellas speak loudly to this outcome.

Joseph Lella was aware of the Second Promissory Note and accepted the benefit of the changes, while failing to protest for over 10 years.

## IV. CONCLUSION AND REQUEST FOR RELIEF

In 2003, if not earlier, Lella asked that interest on the First Promissory Note be paid to his wife Elisabeth. Hardin and his partner Richard Crawford accommodated this request by preparing, signing, and forwarding the Second Promissory Note to Joseph and Elisabeth Lella and paying the required interest to her. Joseph Lella did not object to this change until he made demand in 2013, almost a decade later. Lella's breach of contract claim on the First Promissory Note, any unjust enrichment claim, and his request for declaratory relief are thus barred by the statute of limitations.

Additionally, the claim for relief under the theory of unjust enrichment is invalid because the existence of the First Promissory Note, a valid existing contract, precludes recovery on the theory of unjust enrichment and as with the

claim for breach of contract, is barred by limitations. Finally, the request for declaratory relief is not supported by either pleadings or an order so that no relief should be granted.

For these reasons, Kenneth M. Hardin, Appellant, requests that this court reverse and remand this matter to the trial court. Hardin also requests any other relief to which he may be entitled.

Respectfully Submitted,

_/s/ *Mark L. Aschermann*_____
Mark L. Aschermann
SBN 01368700
BARRON & NEWBURGER, PC
6300 West Loop South, Suite 341
Bellaire, Texas 77401
Telephone (713) 942-0808
Facsimile (713) 942-0449
maschermann@bn-lawyers.com

*ATTORNEYS FOR APPELLANT*

## CERTIFICATE OF COMPLIANCE

I certify , according to the word count feature of the Word program used to create this Brief, this Brief contains a total of 3,026 words in pages numbered 3 through 17.

_/s/ *Mark L. Aschermann*_____
Mark L. Aschermann

## CERTIFICATE OF SERVICE

This is to certify that on the 28th day of April, 2015, a true and correct copy of the foregoing document was served on the parties listed below at the address and in the manner indicated.

William M. Nichols          _/s/ ***Mark L. Aschermann*** _____
WILLIAM M. NICHOLS, P.C.      Mark L. Aschermann
9601 McAllister Freeway, Suite 1250
San Antonio, Texas 78216-5150
***Via E Delivery and Facsimile to (210) 340-8885***