BETA DRILLING, INC., Rio Colorado Drilling Co., Alejandro Pedro Bulgheroni and Carlos Alberto Bulgheroni, Appellants,

v.

Willard Eugene DURKEE, Appellee.

No. B14–91–00071–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 2, 1992.

Rehearing Denied Feb. 6, 1992.

Ben Taylor, Thomas R. McDade, Lee Hunnell, Houston, for appellant.

John L. McConn, Jr., Gregory T. Farrell, Houston, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

Durkee sued appellants (referred to collectively as Beta Drilling) alleging breach of an alleged oral agreement. Following a jury trial, the trial court awarded Durkee damages of $1,058,116 plus prejudgment interest. The judgment of the trial court is reversed and judgment is rendered in favor of appellants.

Durkee filed this suit in 1981 alleging an oral agreement under which appellants would give him 25% ownership of the stock in a new company (which later became Beta

Drilling, Inc.), and he would be its chief executive officer and president. The appellants filed a general denial and also affirmatively pled the statute of frauds as barring Durkee's claim.

In their first point of error, appellants allege that Durkee proved no exception to the Uniform Commercial Code statute of frauds requirement that "a contract for the sale of securities" be in writing and signed for it to be enforceable, and, therefore, the trial court erred in granting judgment for Durkee.

> The applicable statute of frauds states: A contract for the sale of securities is not enforceable by way of action or defense unless:
>
> (1) there is some writing signed by the party against whom enforcement is sought or by his authorized agent or broker, sufficient to indicate that a contract has been made for sale of a stated quantity of described securities at a defined or stated price;
>
> (2) delivery of a certificated security or transfer instruction has been accepted, or transfer of an uncertificated security has been registered and the transferee has failed to send written objection to the issuer within 10 days after receipt of the initial transaction statement confirming the registration, or payment has been made, but the contract is enforceable under this provision only to the extent of the delivery, registration, or payment;
>
> (3) within a reasonable time a writing in confirmation of the sale or purchase and sufficient against the sender under Subdivision (1) has been received by the party against whom enforcement is sought and he has failed to send written objection to its contents within 10 days after its receipt; or
>
> (4) the party against whom enforcement is sought admits in his pleading, testimony, or otherwise in court that a contract was made for sale of a stated quantity of described securities at a defined or stated price.

TEX.BUS. & COM.CODE ANN. § 8.319 (Tex. UCC) (Vernon 1968). The official commentary under this section states that it is intended to conform the statute of frauds provisions with regard to securities to the policy of the like provisions in Section 2–201 of the Texas Uniform Commercial Code (statute of frauds for the sale of goods).

The threshold issue is whether the alleged agreement constituted a "sale of securities" under the Uniform Commercial Code statute of frauds. While neither party expressly argues that the sale was not one of securities, appellee implies such. The claim is that his interest in the company was consideration for organizing the company and accepting employment, and therefore not subject to the statute of frauds. A plain reading of the questions posed to the jury shows that the alleged agreement required Durkee to organize the company, act as its chief executive officer and president, and pay $25,000 out of his personal funds. He would be paid $80,000 per year and given 25% of the Beta Drilling stock. A "sale" consists in the passing of title of an item from the seller to the buyer for a price. TEX.BUS. & COM.CODE ANN. § 2.106(a) (Tex. UCC) (Vernon 1968). Here, title of the stock was to pass from appellants to Durkee for a price of $25,000.

In *Bowers Steel, Inc. v. DeBrooke*, 557 S.W.2d 369 (Tex.Civ.App.—San Antonio 1977, no writ), the appellate court held that oral employment contracts, for which the consideration is to be corporate stock, are not prohibited by TEX.BUS. & COM.CODE ANN. § 8.319 where the **only** consideration for the stock was acceptance of employment. Here the payment of $25,000 was also required. This transaction is a sale of securities and is under the statute of frauds.

It is undisputed that none of the appellants signed any written document which would comply with the requirements of TEX.BUS. & COM.CODE ANN. § 8.319 (Tex. UCC) (Vernon 1968). Thus, the statute of frauds precludes enforcement of the alleged agreement as a matter of law unless Durkee proved an exception to the statute of frauds.

Section 8.319 contains only four exceptions to the statute of frauds governing the sale of securities. At appellee's request, over appellants' objections, jury questions

C and D, were submitted. They asked whether Durkee had "partially performed" the alleged agreement, and whether Carlos Alberto Bulgheroni and Alejandro Pedro Bulgheroni promised to sign a written document evidencing the agreement. The jury answered "yes" to both questions. These answers do not show the existence of an exception under Section 8.319.

The only exception in Section 8.319 to which partial performance could apply is Section (2) which provides that an oral agreement for the sale of securities is enforceable where delivery of the security or transfer instructions have been accepted, transfer of the security has been registered without objection, or payment has been made. Durkee never paid any money for Beta Drilling stock, never accepted delivery of the stock or a transfer instruction, and never registered the stock. Durkee's employment services to appellants was the only evidence the jury could have relied upon in support of its answer. Such does not circumvent the statute of frauds.

In *Wiley v. Bertelsen*, 770 S.W.2d 878 (Tex.App.—Texarkana 1989, no writ), the plaintiff alleged that he had an oral employment contract for which he was to receive a monthly salary plus a percentage of certain profits. The plaintiff sued for breach of contract. The defendants claimed the statute of frauds barred the suit. The plaintiff argued that his employment services were "partial performance" of the contract, and therefore the statute of frauds was inapplicable. The court held:

> Performance of an alleged oral agreement in order to remove the agreement from the operation of the statute of frauds, must be unequivocally referable to the agreement and corroborative of the fact that a contract actually was made. What is done must itself supply the key to what is promised. Rendition of services for which a person receives a monthly salary is insufficient to take the alleged agreement out of the statute of frauds because the services were fully explained by the salary without supposing any additional consideration. We hold that the services performed by Wiley did not take the alleged agreement

out of the operation of the statute of frauds.

*Wiley*, 770 S.W.2d at 882. Durkee's claims are nearly identical to those made by the plaintiff in *Wiley*.

Durkee received a regular salary. To invoke the exception of Section 8.319(2), Durkee had to perform an act directly related to the stock, such as accepting delivery of the stock, registering the stock, or partially paying for it. Since Durkee did none of these, the jury's finding on partial performance was irrelevant and must be disregarded.

Question D asked whether the Bulgheroni brothers had promised to sign a written document evidencing the agreement. By this Durkee appears to try to invoke the promissory estoppel exception.

■ For promissory estoppel to create an exception to the statute of frauds, there must have been a promise to sign a written contract which had been prepared and which would satisfy the requirements of the statute of frauds. *See Nagle v. Nagle*, 633 S.W.2d 796, 800 (Tex.1982); *Consolidated Petroleum Indus., Inc. v. Jacobs*, 648 S.W.2d 363, 367 (Tex.App.—Eastland 1983, writ ref'd n.r.e.). A promise to prepare a written contract is not sufficient. The defendant must have promised to sign a particular agreement which was in writing at the time. *Southmark Corp. v. Life Investors, Inc.*, 851 F.2d 763, 766 (5th Cir. 1988) (applying Texas law). The Fifth Circuit stated in *Southmark* that it would follow the rule set forth in *Consolidated Petroleum* and held:

> ... the defendant should ordinarily not be promissorily estopped from asserting a section 8.319 statute of frauds defense unless there is proof that he at least expressly promised to sign documents that had already been prepared or whose wording had been agreed on and that satisfy the requirement of section 8.319.

*Southmark*, 851 F.2d at 769–70.

The evidence is uncontradicted that the appellants never promised to sign a written document which was in existence. Durkee admitted that there was no document in

existence at the time any alleged promise to sign was made to him. The jury's answer to Question D is immaterial and must be disregarded.

Since the statute of frauds applied and Durkee failed to prove any exception, the trial court erred in entering judgment for Durkee. Appellants were entitled to judgment as a matter of law based upon the statute of frauds. Appellants' first point of error is sustained.

Because appellants' first point of error has been sustained, it is unnecessary to review their second point of error. The judgment of the trial court is reversed and judgment is rendered for appellants.