# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 8, 2026

Lyle W. Cayce
Clerk

No. 25-10381

Salt and Light Energy Equipment L.L.C.,

*Plaintiff—Appellant*,

*versus*

Origin Bancorp, Incorporated, *doing business as* Origin Bank,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CV-654

Before Southwick, Higginson, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Salt and Light Energy Equipment L.L.C. sued its lender, Origin Bancorp, Inc., for causing one of Salt and Light's customers to terminate it as a vendor. Origin filed a counterclaim to collect the balance on the loan. We AFFIRM the summary judgment for Origin.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-10381

The district court correctly denied Salt and Light's motion to remand the case to state court. Salt and Light argues the parties waived their respective rights to remove to federal court through certain language in the security agreement, effectively granting Salt and Light a first-mover's right to choose the appropriate forum within Dallas County. This contention fails because any purported waiver, even if made, was not "clear and unequivocal." *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004).

The district court also rightly dismissed Salt and Light's claim that Origin breached its duty of good faith under the Texas Business and Commerce Code by sending, in a commercially unreasonable manner, letters to Salt and Light's account debtors informing them that they should direct payments to Origin. Salt and Light cannot prevail on this claim because the lost-profits damages it seeks qualify as consequential damages, which the Code makes unavailable. *See* Tex. Bus. & Com. Code § 1.305(a); *Mood v. Kronos Prods., Inc.*, 245 S.W.3d 8, 12 (Tex. App.—Dallas 2007, pet. denied).

The district court properly granted summary judgment to Origin on the business disparagement claim. Succeeding on a business disparagement claim requires proof of several elements, one of which is malice. *See Waste Mgmt. of Tex., Inc. v. Tex. Disposal Sys. Landfill, Inc.*, 434 S.W.3d 142, 155 (Tex. 2014) (Willett, J.). Salt and Light has not provided evidence to create a factual issue of malice.

Origin also was entitled to summary judgment on its breach of contract counterclaim. Salt and Light invokes several affirmative defenses. It first asserts that the parties entered into a settlement agreement on the counterclaim. We conclude that the alleged settlement failed to satisfy the requirement that a settlement be "in writing." Tex. R. Civ. P. 11; *see*

No. 25-10381

*Padilla v. LaFrance*, 907 S.W.2d 454, 460 (Tex. 1995). Similarly unavailing is Salt and Light's allegation of an oral modification that is enforceable based on promissory estoppel, as Salt and Light has not produced any evidence demonstrating that Origin promised to sign a prepared, written contract that would satisfy the statute of frauds. *See Beta Drilling, Inc. v. Durkee*, 821 S.W.2d 739, 741 (Tex. App.—Houston [14th Dist.] 1992, writ denied). Furthermore, Salt and Light's partial performance argument is unpersuasive because the supposed performance Salt and Light adduces is not "*unequivocally referable* to the agreement." *National Prop. Holdings, L.P. v. Westergren*, 453 S.W.3d 419, 426 (Tex. 2015) (quotation omitted).

Consequently, Salt and Light's demand for a jury is moot.

AFFIRMED.